Scileppi, J. (dissenting in part).
In my opinion the facts as found by the trial courts and unanimously affirmed by the Appellate Term were legally sufficient in each of these cases to establish “moral depravity” or the “danger of becoming morally depraved ”. It must be remembered that section 913-a of the Code of -Criminal Procedure is designed to protect youngsters against their own pernicious conduct and, while one who is adjudicated a wayward minor thereunder is subject to incarceration, the essential purpose of any judicial action taken after the adjudication is rehabilitation and not punishment. The entire fabric of this statute, which deals with errant youths, is woven around the concept that the courts will exercise the necessary legal means to protect them from their own moral weakness, lawless tendencies and personal indiscretions in order to protect them from inflicting more serious damage on themselves in the future. Hence, I find nothing unfair or unjust in applying the provisions of this salutary statute to accomplish this purpose when, as in these cases, a parent seeks the aid of the court to correct the ways of an irresponsible child who is in fact morally depraved or is in danger of becoming so.
To my mind, there can be no doubt that the provisions of section 913-a of the Code of Criminal Procedure apply to the proven conduct of the youngsters in these cases.
*474 In the Klein case, the proof established not only that the defendant, an 18-year-old girl, had a strong attachment for a man of 30 years but that she had a key to his apartment; that she stayed away from home continuously for three days and two nights and that she otherwise willfully disobeyed the reasonable requests of her parents to come home early and to stop staying away from home overnight. As a result of her disobedience, there was constant conflict with her father concerning her conduct. While it is true that the parents’ suspicion that she had sexual intercourse with this man is not proof thereof, the totality of the circumstances, in my opinion, justifies the finding that this girl was in danger of becoming morally depraved whether she actually had sexual intercourse or not. The court was not obliged to accept her self-serving explanation that she stayed at a home with married people whom she named but significantly did not offer to produce as witnesses. Nor was the court obliged to accept her further explanation that she spent the other night alone at a hotel which she merely named without offering other proof to support this explanation. The trial court apparently was not willing to be so naive as to close its eyes to the realities of such a situation and could find, as it did, that her explanations were not worthy of belief. Thus, considering all the circumstances, the court had ample evidence before it upon which to find that this girl was in danger of becoming morally depraved and, therefore, adjudged her a wayward minor under section 913-a of the Code of Criminal Procedure (People v. Salisbury, 18 N Y 2d 899).
The defendant Fuller was about 18 years of age. At the time of trial he was unemployed and he had willfully disobeyed reasonable requests of his mother to come home at reasonable hours; he was abusive to her (telling her to shut up and cursing at her); he often stayed out late; he associated with people of whom his mother did not approve; and she found narcotic implements in the house. Evidence of the narcotic instruments, however, was excluded at the trial since there was proof that other persons lived in the house a week prior to their discovery. The mother, however, also testified that she had reason to believe that her son used narcotics because of his unusual actions. She stated that he would lock himself in the bathroom for awhile and, when he came out, he appeared to be “ different ”—indi *475 eating that she detected that there was something radically wrong with his appearance and his actions. She also testified that her son stayed out all night about once a week, although he claimed he stayed at a friend’s house. However, he apparently never offered to produce the friend to support this explanation. Moreover, defendant acknowledged that following his arrest he was treated for venereal disease which is of some significance, I suggest, in considering whether he was morally depraved or in danger of becoming so.
The provisions of section 913-a of the Code of Criminal Procedure are designed to protect youngsters from engaging in the kind of dangerous and irresponsible conduct proven in each of these cases; conduct which often results in tragic and permanent injury. To hold that the facts herein are insufficient as a matter of law to sustain a finding that these youngsters were either morally depraved or in danger of becoming morally depraved is to disregard the basic purpose and design of the statute.
In my opinion, the totality of the circumstances in both Klein and Fuller furnished sufficient legal evidence to warrant the adjudications and this court should not disturb the facts found below (People v. Leonti, 18 N Y 2d 384).
The court in all three cases imposed a perfectly legal sentence (Correction Law, § 61) and the fact that Fuller was said to be working at the time of sentence and that he was then behaving in no way rendered the sentence illegal. Notwithstanding this information, the court had the discretion to impose the sentence it did, and it cannot be said that there was an abuse of that discretion.
As I have indicated, these cases come within our ruling in People v. Salisbury (supra), and I find nothing said in Matter of Gault (387 U. S. 1) which mandates a reversal in any of these eases. However, since the District Attorney has recommended that the case of People v. Allen be remitted for further proceedings in the trial court, I have acceded to that recommendation and vote to reverse solely on that ground. Because of this, I have not referred to the facts in that case.
Accordingly, the judgments of conviction in Klein and Fuller should be affirmed and the judgment of conviction in Allen reversed and remitted for further proceedings.
*476 In People v. Allen: Chief Judge Fuld and Judges Burke, Keating, Breitel and Jasen concur with Judge Bergan; Judge Soileppi concurs solely upon the District Attorney’s recommendation.
In People v. Fuller and People v. Klein: Chief Judge Fuld and Judges Burke, Keating, Breitel and. Jasen concur with Judge Bergan; Judge Soileppi dissents and votes to affirm in a separate opinion.
In People v. Allen: Judgment reversed and case remitted to the Criminal Court of the City of New York, Kings County, for further proceedings in accordance with the opinion herein.
In People v. Fuller and People v. Klein: Judgments reversed and the complaints dismissed.